COURT OF APPEALS
DECISION
DATED AND FILED

February 15, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP647-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF821

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

  V.

MORRIS EDWARD BROWN,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Rock County: ASHLEY J. MORSE, Judge. *Reversed and cause remanded with directions*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   The State appeals a circuit court order that granted Morris Brown's motion to suppress evidence from a police search of Brown's car during a traffic stop.   The State argues that the court should have denied the motion because the police had probable cause for the search.   We agree. Accordingly, we reverse the court's order and remand with directions that the court deny Brown's suppression motion.

¶2     The facts come from the suppression hearing.   Two police officers testified at the hearing.

¶3     The officers were on patrol together and initiated the traffic stop of Brown after they saw him fail to come to a complete stop at a red light.   They approached his car and noticed a substance that they identified as "shake" on the center console.   Each officer testified that he had been a police officer for over two years and had regular contact with marijuana or THC during that time, and that "shake" is a green leafy substance consisting of "crumbs" or other small amounts of marijuana.

¶4     The officers pointed out the "shake" to Brown.   Brown stated that the substance was ash and that he did not have marijuana in his car.

¶5     One of the officers noticed a cigarillo package near the "shake."   He testified that "[i]n my experience individuals would place the THC into those cigarillos and then smoke it."

¶6     The same officer also noticed that the shorts Brown was wearing had "pot leaves" depicted on them.   He testified that, based on his training and his experience arresting drug users, depictions of marijuana leaves on a suspect's clothing could be indicative of drug use or possession.

¶7    When the officers questioned Brown about where he was headed, Brown stated that he was going to Wal-Mart. However, Wal-Mart was in a different direction from where Brown was heading when the officers observed him driving.

¶8    The officers searched Brown's car. They found a backpack containing 297 grams of marijuana and other evidence.

¶9    Brown moved to suppress evidence from the search. He argued that the officers' warrantless search of his car was unconstitutional because they lacked probable cause to believe that the car would contain evidence of criminal activity. The State contended that the officers had probable cause to search the car. The circuit court agreed with Brown and granted his motion. The State's appeal followed.

¶10    "This court analyzes the grant or denial of a suppression motion under a two-part standard of review." *State v. Adell*, 2021 WI App 72, ¶14, 399 Wis. 2d 399, 966 N.W.2d 115. "[W]e uphold the circuit court's findings of fact unless they are clearly erroneous." *Id.* However, we "review de novo the ultimate question of 'whether the facts as found by the [circuit] court meet the constitutional standard.'" *Id.* (quoted source omitted).

¶11    Here, the constitutional question is whether the officers had probable cause to believe that Brown's car contained evidence of criminal activity. "[T]he warrantless search of an automobile is justified when a police officer has probable cause to believe that an automobile, found in a public place, contains evidence of a crime." *State v. Secrist*, 224 Wis. 2d 201, 210, 589 N.W.2d 387 (1999).

¶12 "Probable cause is an objective test that 'requires an examination of the totality of the circumstances.'" *State v. Moore*, 2023 WI 50, ¶8, 408 Wis. 2d 16, 991 N.W.2d 412 (quoted sourced omitted). "This requires more than a mere hunch or reasonable suspicion, but does not require proof beyond a reasonable doubt or even that guilt is more likely than not." *Id.* (citations omitted). The test for probable cause "eschews technicality and legalisms in favor of a flexible, common-sense measure of the plausibility of particular conclusions about human behavior." *State v. Kiper*, 193 Wis. 2d 69, 83, 532 N.W.2d 698 (1995) (citations omitted).

¶13 The State argues that the totality of the circumstances here shows that the officers had probable cause to believe that Brown's car contained evidence of illegal marijuana possession. We agree and conclude, based on the officers' testimony, that three factors in combination are especially significant.

¶14 The first factor is the officers' observation of the green leafy substance on Brown's center console. Both officers testified that they identified this substance as marijuana "shake."

¶15 The second factor is the cigarillo package near the shake. Based on the officer's testimony regarding his experience with cigarillos being used to smoke marijuana, the cigarillo package was an additional suspicious factor.

¶16 The third factor is Brown's evasive and evidently false statements to the officers. Most notably, he implausibly claimed that the green leafy substance

on his center console was ash.[1]  Additionally, he gave the officers an apparently false answer about where he was going.

¶17    A fourth factor is the "pot leaves" depicted on Brown's shorts. Based on the police testimony here, we conclude that this factor contributes to the totality of the circumstances showing probable cause, albeit only marginally so.

¶18    In arguing that the officers lacked probable cause, Brown relies on a factual finding the circuit court made relating to the officers' identification of the "shake" on his center console.  The court found that the officers lacked sufficient training or experience to visually distinguish between illegal and legal forms of cannabis.  This finding is supported by the officers' testimony and is not clearly erroneous.

¶19    However, Brown extrapolates too much from the circuit court's factual finding to reach the conclusion that probable cause was lacking.  The officers did not need to be able to reliably distinguish between illegal and legal forms of cannabis for the green leafy substance on Brown's dash to be a suspicious factor in the totality of the circumstances.  Given the totality of the circumstances here, the officers reasonably believed that the substance was illegal marijuana.

---

[1]  Both officers testified unequivocally that the substance on Brown's center console that they identified as "shake" was green.  The officers also testified about the color of ash.  One officer testified that ash is normally dark black or gray, and the other officer testified that ash is usually white.  We note that it is common knowledge that ash can be black, gray, or white, but not green.

5

¶20    Brown next argues that ***State v. Betow***, 226 Wis. 2d 90, 593 N.W.2d 499 (Ct. App. 1999), is instructive and supports a conclusion that the police lacked probable cause.  We disagree.

¶21    In ***Betow***, we concluded that the police lacked reasonable suspicion of drug possession during a traffic stop when the driver:  (1) had been speeding; (2) appeared nervous; (3) had a mushroom embroidered on his wallet; and (4) provided police with an implausible story regarding his travel.  ***Id.*** at 92, 95-97.  Here, unlike in ***Betow***, the police also saw a substance that they reasonably believed was illegal, and when they confronted Brown about the substance, he claimed that it was something else that it could not really be.  These are significant incriminating factors that were not present in ***Betow***.

¶22    In sum, for the reasons stated above, we reverse the circuit court's order granting Brown's suppression motion, and we remand with directions that the court deny the motion.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).